IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER E. PACE, #22864-026,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 21-cv-01281-JPG |
| | ) |
| **USP MARION,** | ) |
| **WARDEN SPROUT,** | ) |
| **and FBOP,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for review of the First Amended Complaint filed by Plaintiff Roger Pace on January 4, 2022. (Doc. 17). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He claims that his placement in an illegal three-man cell at USP-Marion violated his constitutional rights, and he brings this action for monetary relief against Warden Sprout, USP-Marion, and the FBOP pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 17, p. 6): Plaintiff was forced to live in an "illegal" three-man cell "via the Obama administration" at USP-Marion. (*Id*.). His cell was the size of a small efficiency bathroom. (*Id*.). Approximately 189 inmates were housed in a unit designed to hold 126 inmates. (*Id*. at 7). The overcrowded and unsanitary living conditions put Plaintiff's health and safety at risk during the ongoing pandemic. (*Id*. at 6). He contracted COVID-19 while housed there. (*Id*.). The living conditions were inhumane and violated the Centers for Disease Control and Prevention's COVID-19 guidelines on social distancing. (*Id*.). Plaintiff did not file a grievance to notify anyone of his complaints because he feared retaliation. (*Id*. at 4-5). However, he maintains that USP-Marion "admits to their guilt" housing inmates in illegal three-man cells, and the FBOP and USP-Marion are "well aware" of the health risks posed by these living arrangements. (*Id*. at 6).

### Discussion

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* First Amended Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for forcing Plaintiff to live in a three-man cell that posed a substantial risk of serious harm to his health and safety in the ongoing pandemic and caused him to contract COVID-19.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

*Bivens* and its progeny provide a judicially-implied damages remedy for certain constitutional violations caused by persons acting under color of federal authority. *Bivens v. Six*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

*Unknown Named Agents*, 403 U.S. 388 (1971). The Supreme Court has recognized this remedy against federal officials in three contexts: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims of inadequate medical treatment. *Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017) (citations omitted). Lower courts have been cautioned against expanding the remedy into new contexts, unless certain "special factors" warrant it. *Ziglar v. Abbasi*, 137 U.S. at 1859-60.

Plaintiff's claim arises under the Eighth Amendment, which prohibits cruel and unusual punishment of convicted persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement that include adequate food, clothing, shelter, and medical care. *Id*. In this particular case, the Court cannot discern whether Plaintiff intends to pursue a claim for the denial of medical care for COVID-19, a claim for unconstitutional conditions of confinement for his housing arrangements, or both. The allegations are simply too vague and unclear.

This is important to know. A claim of inadequate medical care would likely proceed post-*Abbasi* because the Supreme Court has already recognized an implied damages remedy in a similar context. *See Carlson v. Green*, 446 U.S. 14 (1980) (involving claim for denial of medical treatment). However, a claim based on unconstitutional living conditions may amount to an expansion of the *Bivens* remedy that is unauthorized post-*Abbasi*, unless special factors justify expansion of the remedy into a new context. Without knowing the exact nature of Plaintiff's claim(s), the Court simply cannot tell whether it can proceed in light of *Abbasi*.

Moreover, the allegations articulate no claim against any defendants. Whether construed as a claim based on the denial of medical care or the denial of humane living conditions, the First

Amended Complaint fails to state a viable claim against the warden, the prison, or the FBOP.

With regard to Warden Sprout, Plaintiff does nothing more than name him or her as a defendant. He sets forth no allegations against this individual. It is thus unclear whether the warden was involved in any constitutional deprivation at all. To proceed with a claim against this person, Plaintiff must set forth allegations demonstrating the warden's personal involvement in or responsibility for a violation of his rights. Given that the warden is not mentioned in the statement of claim and did not receive a grievance regarding any of the complaints, no claim is articulated against this defendant.

The claim against the FBOP and USP-Marion also fail. Plaintiff cannot pursue his claim for money damages against either defendant under *Bivens*. Neither defendant is an individual federal agent, and the implied damages remedy under *Bivens* does not extend to the employer of individual federal agents. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 & n.2 (2001); *Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

For each of the reasons set forth above, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted against Warden Sprout, USP-Marion, and the FBOP.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 17), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **WARDEN SPROUT, USP-MARION,** and **FBOP.**

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **April 14, 2022**. Should Plaintiff fail to file his

4

Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 21-cv-01281-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

5

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 3/17/2022**

                                                  s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**