IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER E. PACE, #22864-026,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 21-cv-01281-JPG |
| ) | |
| **USP MARION,** ) | |
| **WARDEN SPROUL,** ) | |
| **and FBOP,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of the Second Amended Complaint filed by Plaintiff Roger Pace on March 30, 2022. (Doc. 21). Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and is currently housed at the United States Penitentiary in Marion, Illinois ("USP-Marion"). He claims that the prison's use of two-man cells to house three men in a bathroom-sized cell during the COVID-19 pandemic resulted in his infection with COVID-19 and the loss of his sense of smell, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. (*Id*.). He brings this action for monetary relief against Warden Sproul, USP-Marion, and the FBOP pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The Second Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune

1

defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

According to the allegations set forth in the Second Amended Complaint, Plaintiff was forced to live in an "illegal" three-man cell that was the size of a small bathroom and designed for two men. (Doc. 21, p. 6). During the COVID-19 pandemic, the prison made use of these cells to house 189 inmates in a housing unit with a capacity of 126 inmates. (*Id*. at 7). Due to these overcrowded living conditions, the entire unit contracted COVID-19 on at least one occasion. Plaintiff was diagnosed with COVID-19 three different times and lost his sense of smell in the process. (*Id*.). The defendants were well aware of these conditions and took no steps to ameliorate them. (*Id*. at 6). Plaintiff claims that inmates were intentionally exposed to COVID-19 in an effort by staff to establish herd immunity among the inmate population. This includes Warden Sproul, who simply dismissed Plaintiff's verbal complaints about the conditions. (*Id*. at 4-5).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following counts:

**Count 1:**   Eighth Amendment claim against Warden Sproul, USP-Marion, and FBOP for forcing Plaintiff to live in a three-man cell that posed a substantial risk of serious harm to his health and safety in the ongoing pandemic and caused him to contract COVID-19 three times and lose his sense of smell.

**Count 2:**   Illinois medical negligence/malpractice claim against Warden Sproul for forcing Plaintiff to live in a three-man cell that posed a substantial risk of serious harm to his health and safety in the ongoing pandemic and caused him to contract COVID-19 three times and lose his sense of smell.

**Any claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

*Bivens* and its progeny provide a judicially-implied damages remedy for certain constitutional violations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, this remedy is limited. The United States Supreme Court has recognized it in only three contexts: (1) a Fourth Amendment claim involving an unlawful search and seizure in *Bivens*; (2) a Fifth Amendment due process claim involving gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim of inadequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980). *Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017). The Supreme Court has also cautioned lower courts not to expand the remedy into new contexts, unless certain "special factors" warrant it, and emphasized that all further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar*, 137 U.S. at 1859-60 (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim). Just last month, the Court stated that "in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Id*.

When presented with a proposed *Bivens* claim, a district court must undertake a two-step inquiry. *Hernandez v. Mesa*, 589 U.S. at --, 140 S. Ct. 735, 741 (2020). First, the district court asks whether the case presents a new *Bivens* context, *i.e.*, whether it is meaningfully different from the three cases in which the Supreme Court previously implied a damages action. *Ziglar*, 137 U.S. at 1859-60. Second, if a claim arises in a new context, the court must consider whether any "special factors" indicate that the Judiciary is at least arguably less equipped than Congress to

"weigh the costs and benefits of allowing a damages action to proceed." *Id*. If even one reason gives the court pause before extending *Bivens* into a new context, the court cannot recognize a *Bivens* remedy. *Hernandez*, 140 S. Ct. at 743.

Plaintiff's claim arises under the Eighth Amendment, which imposes a duty on prison officials to provide humane conditions of confinement that include adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff alleges that he complained about the overcrowded living conditions to the warden and was "dismissed." This was despite the fact that he suffered three bouts of COVID-19 and lost his sense of smell.

Whether this claim fits squarely within the confines of *Carlson* or presents a new context is not clear. Moreover, this court would benefit from adversarial briefing addressing any "special factors" which suggest that the Judiciary is less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. The issue of whether this claim is now foreclosed by the United States Supreme Court's decisions in *Ziglar* or *Egbert* can be addressed, with the benefit of briefing, in a motion filed pursuant to Federal Rule of Civil Procedure 12 or 56. For now, Count 1 shall proceed against Warden Sproul.

This claim does not survive review against the USP-Marion and FBOP because neither defendant is an *individual* federal agent, and the implied damages remedy under *Bivens* does not extend to the employer of individual federal agents. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 & n.2 (2001); *Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Plaintiff also seeks no injunctive relief against either defendant, despite opportunities to re-plead this claim and request such relief. Count 1 shall be dismissed with

prejudice against both defendants for failure to state a claim upon which relief may be granted.

**Count 2**

Plaintiff also brings a supplemental state law claim for medical negligence / malpractice. Because this claim arises from the same case or controversy as Count 1, the Court will exercise supplemental jurisdiction over Count 2 and allow it to proceed, at least for now, against the warden. *See* 28 U.S.C. § 1367. Under applicable state law, *i.e.*, 735 ILCS § 5/2-622, Plaintiff is required to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the medical malpractice claim, along with a physician's report in support of the affidavit. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). Plaintiff has filed neither to date, but his failure to do so is not dispositive of his state law claim at this point. *Id*. However, Plaintiff is **WARNED** that he must comply with the requirements set forth in 735 ILCS § 5/2-622 in order to survive summary judgment on this claim.

**Disposition**

**IT IS ORDERED** that the Second Amended Complaint (Doc. 21) survives screening, as follows: **COUNTS 1** and **2** will proceed against Defendant **WARDEN SPROUL**, in his individual capacity. However, **COUNT 1** is **DISMISSED** with prejudice against Defendants **USP-MARION** and **FBOP** for failure to state a claim upon which relief may be granted. Because no other claims are stated against these defendants, the Clerk's Office is **DIRECTED** to **TERMINATE USP-MARION** and **FBOP** as parties in CM/ECF and **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **WARDEN SPROUL**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **WARDEN SPROUL** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an

individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint (Doc. 21) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff and includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security

for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/7/2022**               s/J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.