IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER E. PACE, #22864-026,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 21-cv-01281-JPG |
| | ) |
| **WARDEN SPROUL and** | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Roger Pace brings this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for claims stemming from his exposure to COVID-19 at the United States Penitentiary in Marion, Illinois (USP-Marion). At screening, the Court allowed Pace to proceed with two claims against Warden Sproul, including an Eighth Amendment conditions-of-confinement claim (Count 1) and an Illinois medical negligence/malpractice claim (Count 2). (Doc. 22). In lieu of an answer, Warden Sproul filed the following two motions: (1) Motion to Substitute United States in Count 2 (Doc. 29); and (2) Motion to Dismiss Counts 1 and 2 for Failure to State a Claim under Rule 12 or, Alternatively, for Summary Judgment on the Issue of Exhaustion of Administrative Remedies under Rule 56 (Doc. 30). In response, Pace filed a Motion to Dismiss Defendant's Summary Judgment Motion (Doc. 35).

For the reasons set forth herein, Warden Sproul's motions (Docs. 29, 30) shall be **GRANTED** and Pace's motion (Doc. 35) **DENIED**. Pace admittedly failed to exhaust his administrative remedies before bringing suit, so this case shall be **DISMISSED without prejudice**.

1

**BACKGROUND**

According to the Second Amended Complaint, Pace was forced to live with two other inmates in a cell designed for only two individuals at USP-Marion. (Doc. 21). The prison housed 189 inmates in a unit built for only 126 inmates in the midst of the COVID-19 pandemic. (*Id*. at 6-7). Everyone on the unit contracted COVID-19 at least once. Pace was diagnosed with it three times and lost his sense of smell in the process. (*Id*.). Warden Sproul was aware of Pace's complaints about these conditions, but the warden took no steps to ameliorate them because his goal was to establish herd immunity among the inmate population. (*Id*. at 4-6).

Following preliminary review of this matter under 28 U.S.C. § 1915A, Pace was allowed to proceed with two claims against Warden Sproul, including an Eighth Amendment claim for unconstitutional conditions of confinement (Count 1) and an Illinois medical negligence/malpractice claim (Count 2). (Doc. 22). Instead of an answer, Warden Sproul filed a motion to substitute the United States in Count 2 and convert the Illinois medical malpractice/negligence claim to one governed by the Federal Tort Claims Act (FTCA). (Doc. 29). He also sought dismissal of Counts 1 and 2 under Rule 56 for failure to exhaust his available administrative remedies before bringing suit or, alternative, for failure to state a claim for relief under Rule 12. (Doc. 30). Pace opposed the summary judgment motion on the issue of exhaustion but admitted that he filed a single informal complaint (BP-8) *after* filing suit.

**DISCUSSION**

1.      **Motion to Substitute United States (Doc. 29)**

The motion to substitute the United States in place of Warden Sproul and convert Count 2 to an FTCA claim shall be granted. An action against the United States under the FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting

2

within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The Westfall Act amended the FTCA to require substitution of the United States as a defendant in a tort suit brought against a government employee. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(1)). It grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *Id*. at 230 (citing 28 U.S.C. § 2679(b)(1)). The Act empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. §§ 2679(b)(1), (d)(1)). Upon such certification, the United States is substituted as the defendant in place of the federal employee, and the employee is dismissed. 28 U.S.C. § 2679(d)(1)). The FTCA then governs the tort claims against the United States.

Consistent with this procedure, Warden Sproul and the United State of America's motion to substitute shall be granted. Count 2 shall proceed as a claim under the FTCA against the United States. This claim shall be dismissed with prejudice against Warden Sproul.

**2.     Motion for Summary Judgment for Failure to Exhaust (Doc. 30)**

Warden Sproul and the United States seek summary judgment on both claims based on Pace's failure to exhaust his available administrative remedies before bringing suit. Defendants maintain that Pace failed to use the FBOP's grievance procedure to file any Administrative Remedy Requests or Appeals to the institution before filing suit on October 19, 2021. (Doc. 30-1 at ¶ 5) (". . . Pace has submitted a total of zero (0) administrative remedy requests while incarcerated by BOP."). Pace admits to filing an informal complaint using a BP-8 form in April 2022 *after* he commenced this action in federal court in October 2021. (Doc. 35) ("On approximately the month of April 2022 the plaintiff submitted a BP-8 to Counselor Hicks in

3

regards to being housed in illegal 3 man cells, which violates his 8th and 14th Amendment Rights. The plaintiff have yet to receive a response from the BP-8 he submitted. . . . [T]here is nothing more that the plaintiff can do."). The question before the Court is whether Pace's single informal complaint satisfies the PLRA's exhaustion requirement under the circumstances presented.

### A.   Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Generally, the court cannot resolve factual disputes on a motion for summary judgment; they must be decided by a jury. *See, e.g., Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[A] trial is the standard means of resolving factual disputes. . . ."). But, the opposite is true when the motion pertains to a prisoner's failure to exhaust. The Seventh Circuit has instructed courts to conduct an evidentiary hearing to resolve contested issues of fact regarding a prisoner's purported failure to exhaust. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts*, 745 F.3d at 234. Where there are no material factual disputes, an evidentiary hearing is not necessary. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009). Because there are no disputed issues of material fact, no hearing is necessary here.

4

B.     Prison Litigation Reform Act

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions until he exhausts available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 663 F.3d 899, 903 (7th Cir. 2011). The exhaustion requirement applies to state and federal inmates alike. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). As a federal inmate, Pace is subject to the PLRA's exhaustion requirement.

Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Seventh Circuit Court of Appeals demands strict compliance with the exhaustion rules. *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). To properly exhaust, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford*, 548 U.S. at 90. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust his . . . remedies." *Pozo*, 286 F.3d at 1024. "The exhaustion requirement is an affirmative defense which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d at 903.

C.     FBOP Administrative Remedies Process

The FBOP makes available an administrative remedies process for all inmates seeking formal review of an issue relating to any aspect of that inmate's confinement. (Doc. 30-1, ¶ 3) (citing 28 C.F.R. §§ 542.10-.19). Inmates are first encouraged to seek informal resolution of their complaint by presenting it to a staff member before initiating the formal grievance process. *Id*. at ¶ 4 (citing 28 C.F.R. § 542.13). If the attempt at informal resolution is unsuccessful, the inmate may initiate the grievance process by filing a Request for Administrative Remedy at the institution using a BP-9. *Id*. (citing 28 C.F.R. § 542.14). If the inmate is not satisfied with the disposition of the grievance, he may appeal to the Regional Director using a BP-10. *Id*. (citing 28 C.F.R.

5

§ 542.15).  If this does not resolve the issue, the inmate may appeal to the General Counsel by submitting a BP-11.  *Id*.  The Appeal to the General Counsel is considered the final level of the administrative remedies process.  *Id*.  After the appeal is denied or the time for addressing it expires, the appeal is deemed denied.  *Id*. (citing 28 C.F.R. § 542.18).

        D.        FTCA's Exhaustion Requirement

Federal inmates may bring suit against the United States under the FTCA for injuries they sustain while incarcerated, but only after presenting the claim to the federal agency responsible for the injury and waiting six months for written denial of the claim.  *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident. . . ."  28 C.F.R. § 14.2(a).  If a plaintiff fails to exhaust his or her administrative claim before filing suit, the FTCA claim must be dismissed.  *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

        E.        Discussion

Pace clearly failed to exhaust his available administrative remedies before bringing suit.  He filed this action on October 19, 2021.  However, he did not file his informal complaint (BP-8) until six months later in April 2022.  By his own admission, Pace filed no BP-9, BP-10, or BP-11 prior to suit, and he filed no Standard Form 95 either.  Pace does not claim that the correct forms were unavailable or that prison officials thwarted his efforts to exhaust his administrative remedies before filing suit.  He failed to initiate the formal grievance process.

Under the PLRA, exhaustion is a precondition to suit.  42 U.S.C. § 1997e(a).  The purpose of exhaustion is to give prison officials the opportunity to resolve disputes informally and expeditiously without court intervention.  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) (exhaustion serves dual purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").  Prison officials must have an opportunity to address disagreements internally before a plaintiff seeks the court's intervention.  "Until the issue of exhaustion is resolved, the Court cannot know whether it is to decide the case or the prison authorities are to."  *Pavey*, 544 F.3d at 741.  Put differently, Pace cannot sue first and exhaust later.  *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004).

Pace's single BP-8, filed six months after commencing this action, does not satisfy the PLRA's exhaustion requirement for either claim in this case.  Accordingly, the motion for summary judgment on the issue of exhaustion shall be granted, and this action dismissed without prejudice.  Pace's motion seeking dismissal of the summary judgment motion shall be denied.

## DISPOSITION

**IT IS ORDERED** that Defendant's Motion to Substitute Party as to Count 2 is **GRANTED**.  **COUNT 2** proceeds against Defendant **UNITED STATES** under the Federal Tort Claims Act and is **DISMISSED** with prejudice against Defendant Warden Sproul.  The Clerk's Office is **DIRECTED** to **ADD** the **UNITED STATES** as a Defendant in CM/ECF.

**IT IS ORDERED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 30) is **GRANTED**, and the related Motion to Dismiss for Failure to State a Claim (Doc. 30) is **DISMISSED** without prejudice.  **COUNTS 1** and **2** are **DISMISSED** without prejudice based on Pace's failure to exhaust his available administrative remedies before bringing either claim.

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Summary Judgment (Doc. 35) is **DENIED**.

Because no other claims remain pending, this action is **DISMISSED.** If Pace wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Pace does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Pace may also incur a "strike." A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: 7/27/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
